## BYRNE v. MORRISON.

LANDLORD AND TENANT; NOTICE TO QUIT; WAIVER; APPELLATE PRACTICE; BOND IN LANDLORD AND TENANT PROCEEDINGS; EXECUTION, SUSPENSION OF.

1. A thirty days' notice to quit is not void because it fails to specify the day of the termination of the tenancy, where it is dated and served the full thirty days before the end of the term. (Construing Code, sec. 1219.)

2. The receipt by a landlord, after notice to quit, of rent for a new term or part thereof, amounts to a waiver of his right to demand possession under that notice; but receipt of rent for the current month pending a notice to quit does not have that effect.

3. Where a tenant is unsuccessful on his appeal to the Supreme Court of the District of Columbia from a judgment of a justice of the peace in favor of his landlord for possession, the judgment on the appeal against the tenant and his surety, under sec. 1233, D. C. Code, should be for intervening damages to the property and compensation for the use and occupation thereof, and not for the rent stipulated in the expired contract.

4. But a judgment in such a case will not be arrested because the verdict, instead of being for intervening damages and compensation for the use and occupation of the property, is for a specified sum of money, "intervening rent and damages," where there is nothing to show that the form of the verdict was called to the attention of the court below.

It will be presumed on appeal that, if it had been, it would have been amended.

5. Where a bill of exceptions recites that a tenancy expired on November 25, such recital will be taken as true, although it is suggested by counsel in argument that the tenancy actually expired on November 24, as shown by the lease, which had been misrecited in the bill of exceptions.

6. It is too late to raise the question for the first time in this court, that a suit brought to this court on appeal was prematurely instituted, where that fact was not called to the attention of the lower court in any way.

7. A motion to quash a writ of restitution on the ground that it could not lawfully issue during the time allowed for perfecting an appeal to this court is properly overruled, where the writ was issued and executed three days after the rendition of the judgment, but the appeal was not perfected by giving a supersedeas bond. The mere entry of a notice of appeal will not stay execution, although the lower court may, perhaps, in its discretion, and for good cause shown, suspend execution for a reasonable time after judgment. (Construing sec. 1074, D. C. Code.)

No. 1443. Submitted January 25, 1905. Decided February 8, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on an appeal from a justice of the peace in a landlord and tenant proceeding.

*Affirmed.*

The COURT in the opinion stated the case as follows:

1. Robert M. Morrison, claiming the right of possession of premises 503 B street S. E., in the city of Washington, filed his complaint in the justice's court under sec. 20, D. C. Code, on November 25, 1903, to recover possession of said premises of Ada V. Byrne. It was alleged that defendant had heretofore occupied the premises as complainant's tenant from month to month, and that her tenancy had been determined by the service of notice to quit of thirty days. Judgment for possession was rendered December 5, 1903. Defendant appealed therefrom to the supreme court of the District. On trial therein, March 14, 1904, verdict was returned in favor of complainant for possession and for "$80 intervening rent and damages."

Defendant filed a motion in arrest of judgment on the following grounds: First. The verdict was for rent, and not for intervening damages to the leased property and compensation for the use and occupation thereof as provided for such cases by sec. 1233, Code. Second. Because the verdict erroneously embraced rent beyond its date, or up to March 25, 1904. Third. Because the verdict was for rent prior to the judgment appealed from. Other grounds are substantially the same as the foregoing. This motion was overruled and judgment was entered on March 25, 1904, from which the defendant has appealed.

It appears from the bill of exceptions that complainant served defendant with the notice to quit on October 24, 1903. Complainant then offered the lease, the substance of which is given. It showed that defendant occupied the premises as his tenant from month to month at $20 per month payable in advance, and that the month expired on the 25th day of November. Objection was made to the proof of the notice because insufficient under the Code; overruled and exception taken. Defendant then read in evidence a receipt executed by the complainant on October 27, 1903, for $20, purporting to be for the rent of the premises for the month ending November 25, 1903. She then testified that the receipt was given for rent "up to November 26, 1903." The bill fails to recite any evidence relating to damages to the premises or the value of the intervening occupation, nor does it purport to recite all of the evidence upon which the case was tried.

*Mr. James S. McDonogh, Mr. J. W. Bevans, Mr. Frank J. Hogan, Miss Ethel M. Colford, Miss Florence B. Clark, Miss Florence A. Colford,* and *Mr. Richard B. Cavanagh* for the appellant.

*Messrs. Thompson & Laskey* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

2. We perceive no substantial objection to the notice to quit.

It does not specify the day of the termination of the lease, a fact not required, and one presumably as well known to the defendant as to the complainant. It was dated October 23, 1903, and served the full thirty days before the end of the term, as required. Code, sec. 1219.

3. It is true that the receipt of rent by a landlord, after notice to quit, of rent for a new term or part thereof, amounts to a waiver of his right to demand possession under that notice. 2 Taylor, Land & T. § 485; *Collins* v. *Canty,* 6 Cush. 415; *Croft* v. *Lumley,* 5 El. & Bl. 648, 680, El. Bl. & El. 1069.

But the receipt of rent for the current month pending the notice to quit cannot have that effect, and that was all that was done in this instance. The written receipt recites that it is for rent for the month ending November 25, 1903, which is the date of expiration named in the lease.

4. Section 1233 of the Code authorizes judgment, where an appeal has been taken from the judgment of the justice of the peace, to be entered against the appellant and the surety on his bond for "all intervening damages to the leased property and compensation for the use and occupation thereof from the date of the judgment appealed from to the date of its affirmance." [31 Stat. at L. 1383, chap. 854.] This, of course, does not mean the rent stipulated in the expired contract, but the reasonable value of the use and occupation, together with damage that may have been done to the property.

The recital in the verdict that the sum of $80 was found therein for intervening rent and damages was an unnecessary one. It was not so returned in obedience to any instruction of the court, so far as the record shows. It must have been found upon some evidence, but what that evidence was we are not informed by the bill of exceptions. It must be presumed, therefore, that there was proof of intervening damages and value of use and occupation to the full amount found. There is nothing to indicate that the form of the verdict was called to the attention of the court before the jury was discharged, and it is further to be presumed that, if it had been, it would have been amended. If the jury were directed to find for the plaintiff ac-

cording to the stipulation of the lease, or the evidence was confined to that, and not directed to damages and value of occupation, it was the duty of the defendant to make the proper objection and present it in her bill of exceptions.

5. According to the date given in the bill of exceptions for the expiration of the month, namely, November 25, the complaint was prematurely filed. It was one day before the time, because if the month expired on the 25th the defendant was entitled to possession for the whole of that day. It was suggested on the argument by appellee's counsel that the month expired on November 24, as actually recited in the lease, and had been misrecited in the bill of exceptions. Be that as it may, we must accept the bill of exceptions, which cannot now be corrected, or at any time in that way.

The point that the suit had been prematurely filed was not made in either of the trial courts. The fact was not called to the attention of either court by plea, motion, or suggestion. The motion in arrest of judgment does not mention it as one of its grounds. It is too late to raise the question for the first time on this, the second, appeal.

6. It appears that a writ of possession was issued on the judgment below on March 28, 1904, and executed the same day. On April 1, the defendant entered notice of appeal, but filed no bond therefor until April 12. On the last-named day she moved to quash the writ of restitution because it could not lawfully issue during the time allowed for perfecting the appeal to this court. This was overruled and exception taken. There was no error. It is declared in sec. 1074 of the Code that "where the right to issue an execution is not suspended by agreement, or by an injunction, or by an appeal operating as a supersedeas, a writ of execution may be issued immediately on the rendition of the judgment or at any time within three years thereafter." [31 Stat. at L. 1358, chap. 854.] The entry of notice of appeal can have no effect whatever, though, perhaps, the court might, in its discretion and for good cause shown, suspend the execution for a reasonable time after judgment.

Finding no reversible error in the record, the judgment will be affirmed with costs. It is so ordered.　　　　*Affirmed.*