# EDWARDS v. TOTTEN.

---

VARIANCE; LANDLORD AND TENANT; NOTICE TO QUIT; WAIVER.

1. The variance, in an action by a landlord for possession of the leased premises, between an averment in the declaration that the tenant held under a monthly tenancy and proof that he was a tenant by sufferance, is immaterial, where the notice to quit given would be sufficient in either case.

NOTE.—On acceptance of rent accruing after cause for forfeiture, with knowledge of such cause, as a waiver of forfeiture, see note in 11 L.R.A. (N.S.) 831.

2. The acceptance by the landlord of the tender by the tenant of the rent in arrears on the date of the hearing of an action for possession of the leased premises does not affect the landlord's right to judgment for possession. (Citing *Byrne* v. *Morrison,* 25 App. D. C. 72.)

3. The receipt of rent by a landlord, after notice to quit, amounts to a waiver of his right to demand possession under the notice. (Citing *Byrne* v. *Morrison, supra.*)

No. 3181. Submitted January 10, 1919. Decided March 3, 1919.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in a landlord and tenant proceeding.                          *Reversed.*

The Court in the opinion stated the facts as follows:

This is a landlord and tenant proceeding instituted in the municipal court of the District of Columbia. The action was brought by appellee, Howe Totten, plaintiff below, for possession of the premises involved and for judgment for the balance of rent due. On hearing, defendant, Channing M. Edwards, tendered to plaintiff the balance of rent due, which was accepted, and a judgment for plaintiff for possession was entered on December 13, 1917.

Appeal was taken to the supreme court of the District, where plaintiff, on January 7, 1918, filed an affidavit in support of a motion for judgment, in which, among other things, he asked for judgment for "rent at the rate of $100 (one hundred dollars) per month from December 1, 1917, to the date of judgment * * * and for judgment for possession of the premises." Defendant, on January 17th, filed an affidavit of defense, alleging, among other things, that the premises were leased to him originally for the term of one year, which lease expired on the 15th day of August, 1915; that he never entered into any other written agreement or lease with the plaintiff, but after the expiration of the lease he remained in possession and paid rent at the rate of $100 per month. He also alleged that on December 1, 1917, he paid plaintiff $100, being rent in

advance for the month of December, and that, on January 2, 1918, he paid plaintiff $100 for rent in advance for the month of January.

On March 18th, judgment was awarded plaintiff for possession of the premises and for the sum of $360, "arrears of rent, together with costs of suit." From this judgment, the case comes here on appeal.

*Mr. John Ridout, Mr. Irving Williamson,* and *Mr. Oscar Nauck* for the appellant.

*Mr. Leon Pretzfelder* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Variance is claimed in that plaintiff averred that defendant held under a monthly tenancy, while it is conceded that he was a tenant by sufferance as defined in our Code. This variance is immaterial; since, in either instance, the tenancy may be terminated by thirty days' notice to quit, as was given in this case.

It is urged that the acceptance of the tender of the amount due on the date of the hearing in the municipal court abated plaintiff's right of action. This was not the receipt of rent after notice to quit or rent for a new term. It was for rent already in arrears, and merely obviated the necessity of entering judgment for that amount. It in no way affected plaintiff's right to judgment for possession. *Byrne* v. *Morrison,* 25 App. D. C. 72.

Error is assigned in holding that the payment and acceptance of rent in advance for December, 1917, and January, 1918, did not terminate plaintiff's right to proceed with the suit. "The receipt of rent by a landlord, after notice to quit, of rent for a new term or part thereof, amounts to a waiver of his right to demand possession under the notice." *Byrne* v. *Morrison, supra.* The judgment in this case was awarded on plaintiff's affidavit, but its legality rests upon the averments

of the affidavit of defense, the truth of which must be admitted. Contrary to the judgment, defendant's affidavit discloses the payment and acceptance of the rent for the months of December and January. In this respect, the judgment is not supported by the record. In our opinion, the error is fatal, since the payment of the rent for the months in question, as averred in the affidavit of defense, and which, in the state of the record, must be accepted as true, amounted to a waiver of the right of plaintiff to demand possession under the original notice.

The judgment is reversed, with costs, and the case is remanded for further proceedings not inconsistent with this opinion.                               *Reversed and remanded.*