## CHRISTOPHER v. SHAPIRO.

### No. 960.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 2, 1950.

Decided Nov. 21, 1950.

Robert T. Smith, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Describing defendant Jacob Shapiro as a tenant by sufferance, plaintiff Cost Christopher sued for possession of two vacant lots described as 3120-22 Georgia Avenue, N. W., for nonpayment of rent. He also demanded a money judgment for the amount of rent claimed to be due. The case was tried to a jury, which returned a verdict for the landlord for possession and for rent in the amount of $437.50. After the verdict and before entry of judgment thereon, defendant tendered and plaintiff accepted a certified check for the full amount found to be due. The court thereupon, without entering judgment on the verdict, dismissed the action. From such dismissal, plaintiff appeals.

The sole controversy arose as follows: As originally filed the suit was for the nonpayment of rent to May 1, 1950, and was predicated upon a thirty days' notice to quit required by the statute to terminate a tenancy by sufferance[1] which expired on May 1, 1950. During trial and without objection by defendant, plaintiff was permitted to amend his complaint so as to claim an additional month's rent to June 1, 1950. The verdict of the jury and the accepted tender after verdict also included rent up to June 1, 1950. In consequence defendant invoked the rule, well established in this jurisdiction, that the receipt of rent by a landlord, after notice to quit, for a new term or part thereof, amounts to a waiver of his right to demand possession under the notice.[2] Plaintiff on the contrary urges that by failing to object to the amendment to the complaint defendant was estopped from raising the question of waiver and that in any event the trial court was bound to give judgment in accordance with the jury's verdict and

1. Code 1940, § 45—904.

2. Edwards v. Totten, 48 App.D.C. 416; Byrne v. Morrison, 25 App.D.C. 72.

thereby render res judicata the question of the right to possession of the lots.

Although the complaint, supported by plaintiff's evidence, claimed possession only for the nonpayment of rent, defendant in his answer and supporting testimony denied that he had agreed to rent the lots in question separately but claimed the right to store some of his trucks in the rear of these lots without additional charge under the terms of a written lease between the parties of a building on an adjoining lot at 3118 Georgia Avenue, N. W. The court's instructions to the jury which were affirmatively accepted by both parties made it clear that the jury was to pass upon two separate questions: first, whether defendant was entitled to possession of the rear portion of the lots at 3120-22 Georgia Avenue without payment of rent beyond that already charged for 3118 Georgia Avenue; and, second, what if any rent plaintiff was entitled to claim for the use of the rear portion of the vacant lots. The jury's verdict separately awarded possession to plaintiff and thus rejected defendant's position in this regard and also awarded plaintiff a money judgment.

The action was begun in April prior to the expiration of the thirty days' notice to quit May 1, 1950 (the notice itself was placed in evidence but has not been included in the record on appeal) but when this point was raised during the trial defendant's counsel stated that defendant was making no question of the thirty days' notice. The trial of the case commenced May 26, 1950, and the verdict was rendered May 29. At the time of the commencement of the action and rendition of verdict plaintiff had not been offered and had not accepted any rent running beyond the date of the expiration of the thirty days' notice to quit. It was only after verdict and on June 1, 1950, when rent (or a charge for use and occupancy for the month of May) was due, that the payment was offered and accepted.

We have concluded that the action was erroneously dismissed after verdict and prior to judgment. Aside from the question of rent, one of the separate issues at the trial was, as we have stated above, that of possession. The jury determined this issue in favor of plaintiff, and the verdict is in nowise attacked. Plaintiff was entitled, therefore, to entry of judgment in accordance with the verdict. Upon the entry of such judgment, the issues determined by it will become res judicata and to this result plaintiff is entitled. It also follows that since defendant has paid and plaintiff has accepted the full amount found to be owing in accordance with the jury's verdict plaintiff is not entitled to execution so far as the present proceedings are concerned.[3]

Reversed with instructions to enter judgment for plaintiff on the verdict. A final stay of execution under said judgment also to be entered.

3. Sheets v. Selden, 7 Wall. 416, 19 L.Ed. 166; Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144.