## CHRISTOPHER v. SHAPIRO.

### No. 1516.

Municipal Court of Appeals for the
District of Columbia.

Argued July 7, 1954.

Decided July 22, 1954.

Robert T. Smith, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN Associate Judges.

1. See Christopher v. Shapiro, D.C.Mun. App., 76 A.2d 781; Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785.

HOOD, Associate Judge.

This action is an outgrowth of previous litigation which passed through this court and wound up in the United States Court of Appeals.[1] The net result of that litigation was to establish that as to the rear portion of two vacant lots owned by Christopher, "Shapiro stood in the status of a trespasser",[2] and to order judgment awarding possession of the two lots to Christopher and judgment in his favor against Shapiro for $437.50 for use and occupancy of the lots.

A few months after the decision of the United States Court of Appeals the present action was brought by Christopher. He amended his complaint twice and when his second amended complaint was dismissed on motion, he brought this appeal. His complaint made reference to the former action and alleged that Shapiro continued to use and occupy the property pending the former appeal. Recovery was asked for the rental value of the property during that period. The trial court dismissed the complaint apparently on the ground that, because the previous litigation had established that Shapiro was a trespasser, Christopher's only remedy was an action for trespass and his complaint failed to state such an action. We think this was error. The United States Court of Appeals ruled that when in the former litigation the jury found against Shapiro's contention, his status was that of a trespasser. The complaint alleged that after the jury verdict Shapiro continued to use and occupy the land, and the effect of the complaint is to charge that Shapiro continued in his status of trespasser. This stated a claim upon which relief could be granted.

Shapiro argues that Christopher in seeking recovery of the rental value of the land is claiming the wrong measure of damages. This argument is based on the assertion in Shapiro's brief that he did not occupy the land but only occasionally parked

2. 90 U.S.App.D.C. 114, 120, 195 F.2d 785, 791.

a truck there. This is a matter for proof at trial. If the proof shows that Shapiro's use of the property was a continuous use, then reasonable rental value is the proper measure of damages.[3] On the other hand, if the proof shows only an occasional parking of a truck on the land, then each occasion constituted a single trespass for which, if Christopher is to recover more than nominal damages, he must show how and to what extent he was damaged.[4]

Reversed.

3. Baltimore & O. R. Co. v. Boyd, 67 Md. 32, 10 A. 315; Irwin v. Nolde, 176 Pa. 594, 35 A. 217, 35 L.R.A. 415.

4. 52 Am.Jur., Trespass, § 49.