**Cost CHRISTOPHER, Appellant,**

v.

**Jacob SHAPIRO, Appellee.**

**No. 1656.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 1, 1955.

Decided Aug. 29, 1955.

Rehearing Denied Sept. 21, 1955.

Robert T. Smith, Washington, D. C., for appellant.

Mark. P. Friedlander, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

After more than five years of litigation the parties to this dispute are before us for the third time. It started early in 1950 when Christopher sued Shapiro for possession of a vacant lot and for $1,250 rent in arrears. That suit found its way to this court and from here to the United States Court of Appeals.[1] The end result in that phase of the litigation was to establish that Shapiro was in the status of a trespasser; and possession was awarded to Christopher together with judgment in his favor against Shapiro for $437.50 for use and occupancy of the land. The decision of the United States Court of Appeals was rendered March 28, 1952, and sometime thereafter the present action was brought by Christopher. In an amended complaint he demanded the rental value of the property for the period May 1, 1950, to March 27, 1952, a total of some $2,800. On defendant's motion the trial court dismissed the amended complaint, apparently on the ground that,

1. See Christopher v. Shapiro, D.C.Mun. App., 76 A.2d 781; Shapiro v. Christo-pher, 90 U.S.App.D.C. 114, 195 F.2d 785.

because the previous litigation had established that Shapiro was a trespasser, Christopher's only remedy was by an action for trespass and his complaint failed to state such an action. That ruling was brought before us for review and we held it was erroneous. We ruled that plaintiff had stated a valid claim by alleging that after the jury had awarded plaintiff a verdict for possession defendant Shapiro continued to use and occupy the land. Holding the complaint good, we remanded the case for trial and concluded our opinion as follows: "If the proof shows that Shapiro's use of the property was a continuous use, then reasonable rental value is the proper measure of damages. On the other hand, if the proof shows only an occasional parking of a truck on the land, then each occasion constituted a single trespass for which, if Christopher is to recover more than nominal damages, he must show how and to what extent he was damaged." Christopher v. Shapiro, D.C.Mun.App., 107 A.2d 117, 118.

Defendant then filed an answer and after a trial on the merits the trial court made written findings of fact to the effect that defendant's use of the lot was not continuous; that he had used it only occasionally for the parking of a truck or trucks, or for the temporary placing of plumbing pipes; that there was no sufficient evidence to show the number of times the lot was so used; and that there was no evidence to show how and to what extent plaintiff was damaged. Concluding that plaintiff had not shown more than nominal damages, the trial judge awarded him the sum of one dollar. The case has now been brought here by plaintiff who contends that he should have been awarded the full amount of his claim for rent for the 22 months period to which we have already referred.

Appellant's contentions are that the trial court was wrong in finding that there was no continuous occupation by Shapiro and in failing to find that Shapiro had continued to assert his right to possession during the entire period involved.

There is no reason for attempting a recital of the involved and complicated evidence. Viewed most favorably to him, plaintiff's evidence tended to show a frequent, if not wholly continuous, use by Shapiro of part of the lot by placing thereon pipes and plumbing items, and the occasional parking of trucks. Viewed in a less favorable light, it might well have been regarded by the trial court as vague, self-contradictory, and far from satisfactory. More important, the defendant contradicted plaintiff on every point, emphatically stating that he had removed all his belongings from the lot in March 1950 and that he did not afterwards use the lot for any purpose. There was also testimony that some of the articles on the lot which Christopher said belonged to Shapiro were in fact the property of Christopher. Clearly the judge had a right to choose between these conflicting versions, and we would have no basis for saying that his decision was erroneous. It is true that three photographs were presented by plaintiff showing Shapiro's trucks parked on the lot, twice on Sundays and once on a New Year's Eve holiday. But these three instances did not require the judge to rule that there had been a continuous trespass, or that plaintiff was entitled to anything more than nominal damages.

Affirmed.