Rosario G. DESCHENES and Frances V. Deschenes, Appellants,

v.

Richard P. McFERREN and Margaret M. McFerren, Appellees.

No. 1842.

Municipal Court of Appeals for the District of Columbia.

Submitted July 30, 1956.

Decided Oct. 1, 1956.

Daniel J. Andersen, Washington, D. C., for appellants.

Arthur L. Willcher, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiffs brought suit against defendants claiming $1,500 as the reasonable value for use and occupancy of, or damages for trespass to, real property owned by them in the District of Columbia. From a finding and judgment in their favor for $1,170, defendants appeal.

The pertinent facts as found by the trial court are as follows: Plaintiffs Richard McFerren and his wife Margaret owned property known as 415 Brandywine Street, S.E., as tenants by the entireties. In January 1950 Margaret was adjudicated of unsound mind and committed to Saint Elizabeths Hospital. She was subsequently restored to her legal status and discharged in September 1951. In May 1950 defendants submitted to plaintiff husband a written contract to purchase the aforementioned property. The contract was signed by plaintiff husband and by the defendants but not by plaintiff wife or by anyone in her behalf. Defendants were advised, however, that plaintiff husband would have a committee appointed for his wife to accept the contract. On June 10, 1950, with the consent and knowledge of plaintiff husband, defendants entered and renovated the premises at a cost of $245. On July 17, 1950, they moved in and occupied the premises. At this time plaintiff husband notified defendants that he had decided not to sell the premises, that no committee would be appointed for his wife, and offered to rent the premises but they declined. Defendants refused to vacate and remained in possession approximately thirteen months without paying any amount either for use and occupancy or as rental. On August 21, 1951, title was transferred to defendants as a result of their purchasing the property at foreclosure proceedings. The trial court found that the fair rental value of the premises during the period of occupancy by defendants was ninety dollars per month and concluded that since plaintiff wife never consented to defendants' entry into possession, such possession was without proper authority and therefore wrongful.

Defendants base their conclusion that they should not be required to reimburse plaintiffs for their use and occupancy of the premises on the contention that they moved in with the knowledge and consent of the husband and that

"* * * No other consideration was arranged between the parties except the extension of time necessary for appointment of a committee, before concluding the sale, and the resulting. saving of expense by the appellants [defendants] doing the painting which appellee [plaintiff husband] was supposed to do under the contract. * *"

That defendants would not. have taken possession if they had not expected the contract to be completed is apparent, but it is also evident that they knew plaintiff wife's acceptance, or the acceptance of someone acting in her behalf, was necessary to its completion. Notwithstanding, they took possession prior to such acceptance and therefore they must be regarded as having assumed the risks incident thereto.

In Fairclaw v. Forrest, 76 U.S.App. D.C. 197, 130 F.2d 829, 143 A.L.R. 1154, certiorari denied 318 U.S. 756, 63 S.Ct. 531, 87 L.Ed. 1130, the now familiar concepts which underlie the doctrine of tenancy by the entirety and the effect of the Married Woman's Property Statute [1] on such tenancies were explained. There it was stated that at common law the husband was entitled during coverture to the full control and benefits of the property and could convey the property so as to divest the wife of possession during his life. However, under the Married Woman's Property Statute the common law principles of marital unity were changed; the husband can no longer assert an exclusive right to the rents and profits or divest the wife of her share directly by conveyance or indirectly by execution. As a result, neither may convey any interest in the estate without the other's authority or consent, nor perform any act or make any contract respecting the property which would prejudicially affect the other. This protects their joint rights to the possession, use and enjoyment of the whole property.[2]

---

1. Code 1951, § 30–201.

2. Schweitzer v. Evans, 360 Pa. 552, 63 A. 2d 39; French v. National Refining Co., 217 Ind. 121, 26 N.E.2d 47.

■ Applying these principles to the factual situation before us, it is readily apparent that plaintiff husband could not convey the property without the assent of his wife; and while it is true that defendants may have relied in good faith on plaintiff husband's promise to have a committee appointed, such reliance did not entitle them to possession of the premises.

■ In their brief and in their argument before this court defendants have attempted to separate the proposed contract of sale and their entry into possession, contending that they received permission from plaintiff husband to enter into possession. They cite authority for the proposition that a husband or a wife has the right to execute a lease of property held by the entirety upon one of their signatures alone. However, neither their argument nor their authority is persuasive since here their right to possession arose solely out of the proposed contract of sale. On its acceptance depended their right to possession. Since it was not accepted, it became their duty to vacate or become liable for the reasonable value of its use and occupancy. Instead of vacating, they occupied the property continuously for approximately thirteen months, and they must reimburse plaintiffs the reasonable rental value for that period.[3]

We have examined the remaining assignments of error and have determined that they are without merit.

Affirmed.

3. Christopher v. Shapiro, D.C.Mun.App., 107 A.2d 117.