Janet D. RHODES, Appellant,

v.

UNITED STATES, Appellee.

No. 6981.

District of Columbia Court of Appeals.

Argued Aug. 15, 1973.

Decided Oct. 17, 1973.

Norman C. Barnett, Washington, D. C., for appellant.

George O. Ackerman, Bethesda, Md., for appellee.

Before REILLY, Chief Judge, and KELLY and PAIR, Associate Judges.

KELLY, Associate Judge:

This appeal raises the issue whether a properly served 30-day notice to quit is waived by a subsequent cashing of a money order tendered for rent for a new term after the expiration of the notice by the agent designated by the landlord to receive payments on its behalf. The trial court ruled that the agent's action did not constitute a waiver of the notice and granted the landlord possession of the premises. The tenant herein appeals the court's ruling of nonwaiver.

Appellant Rhodes, a recipient of Social Security and welfare income, entered into a lease with the National Capital Housing Authority (NCHA) on August 21, 1969, for rental of an apartment at 5201 Connecticut Avenue, N.W. She was served with a 30-day notice to quit on July 26, 1972, terminating her tenancy as of August 31st. She remained in possession and on or sometime after September 3, 1972, sent a $30 money order to the American Security & Trust Co. (AS&T), the institution designated by NCHA to collect rent from its tenants, for the September rent.[1] AS&T cashed the money order and deposited the sum in the United States Treasury. On September 5, 1972, NCHA filed suit for possession in the Landlord & Tenant Branch of the Superior Court and served Mrs. Rhodes with the summons and complaint on September 7, 1972. She filed an answer on September 25, 1972, alleging, among other things, that NCHA had waived its 30-day notice to quit by its acceptance of rent for a new term after expiration of the notice. NCHA thereupon sent Mrs. Rhodes a United States Treasury check on October 2, 1972, in an effort to return her September rent, which she declined to cash, returning it to NCHA instead.

At trial the court rejected appellant's argument that NCHA had waived its 30-day notice to quit by acceptance of the September rent payment. The trial judge found nothing in the set of admitted facts before him to show an intention by NCHA to waive the 30-day notice by the acceptance of rent and, in so doing, specifically took into account the "nature of the landlord"; i. e., the number of tenants it had and the method by which rent was collected. He said that "[s]omething more than just mere depositing this money order under these circumstances has to be shown in order to show an intention to accept the tenant, as a tenant after the notice to quit has been served. I don't think these circumstances are sufficient to indicate that. . . ." [Tr. at 36.] After argument concerning an alleged breach of her lease the court found such a breach and awarded judgment for possession to the landlord.

The general rule in this jurisdiction is that "receipt of rent by a landlord, after notice to quit [has expired], of rent for a new term or part thereof, amounts to a waiver of his right to demand possession under that notice." Byrne v. Morrison, 25 App.D.C. 72, 75 (1905); accord, Edwards v. Totten, 48 App.D.C. 416 (1919). Receipt has been judicially construed to mean acceptance,[2] with acceptance being defined

---

1. Mrs. Rhodes' rent is $30 per month. NCHA determines the rent it charges on the basis of the tenant's ability to pay.

2. Givens v. Goldstein, D.C.Mun.App., 52 A. 2d 725 (1947) ; accord, Rubenstein v. Swagart, D.C.Mun.App., 72 A.2d 690 (1950) ; Little v. French, D.C.Mun.App., 71 A.2d 534 (1950).

as "[t]he receipt of a thing with the intention to retain it." 1 C.J.S. Acceptance p. 410, note 39 and accompanying text. The question of acceptance, *vel non,* may be one of law, Byrne v. Morrison, *supra,* or one of fact. Rubenstein v. Swagart, D.C. Mun.App., 72 A.2d 690 (1950); Little v. French, D.C.Mun.App., 71 A.2d 534 (1950). In our judgment this case falls within the latter category and we are unable to say that the trial court's resolution of that factual issue is plainly wrong or without support in the evidence. Accordingly, the judgment on appeal is

Affirmed.