**WALTEMEYER**

v.

**AUTOCAR SALES & SERVICE CO.**

No. 1459.

Municipal Court of Appeals
for the District of Columbia.

Argued March 8, 1954.

Decided April 2, 1954.

Stanley Klavan, Washington, D. C., Milton Kaplan, Washington, D. C., on the brief, for appellant.

Robert I. Rudolph, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was sued by appellee for $1,164.71 on account of labor and materials

allegedly furnished appellant by appellee. Appellant's answer admitted certain services were performed but alleged they were done in an unworkmanlike manner, and denied owing the sum claimed or any part thereof. The case went to trial but before trial was completed the parties came to an agreement which was reduced to writing and approved by the court. The agreement provided that appellant would pay $500 in full settlement, that such sum would be paid in cash within thirty days, and that in the event payment was not made within the time specified appellee should be entitled to judgment for the full amount of its claim. The agreement was made and dated August 17, 1953. At the same time the parties orally agreed in the presence of the court that the case should be retained by the court for entry of appropriate judgment or dismissal after thirty days.

On September 17 (thirty-one days after the agreement) appellee's counsel, without notice to appellant's counsel, informed the court that payment under the agreement had not been made. The court directed entry of judgment for appellee for its full claim and judgment was entered on September 18. Four days later appellant moved to vacate the judgment.

At the hearing on the motion the following facts were developed. On September 17 appellant had mailed to appellee a check for $500, bearing the notation: "Paid In Full, for Serv. & Repairs up-to-Date Sept. 17,-53." This check was received at appellee's office on the 18th and on the same day deposited in its bank account, but it was withdrawn from the bank by instructions of appellee's counsel and thereafter mailed back to appellant.

■ Appellant's motion to vacate the judgment was denied and he has appealed. His first point is that the judgment was entered without notice to him. The answer to this is that when he signed the agreement he was put on notice that if he did not comply with his agreement judgment would be entered against him. When he failed to keep his agreement he was entitled to no further notice.

■ Appellant's next point is that appellee's deposit of the check constituted an acceptance of the check as payment in full and was a waiver of the time limitation fixed by the agreement. This argument is without merit. Although appellee deposited the check with its bank for collection, it withdrew the check before it was presented to the bank on which it was drawn, and notified appellant the check was not acceptable and returned it. Even if the check had been received within the time specified by the agreement, it did not conform with the agreement because of the notation which attempted to make it in full payment for all services prior to September 17, 1953, whereas the agreement was that $500 would be paid in settlement of the claim sued on and that claim was for services rendered prior to July 1949.

Placing much reliance on the broad statement in Laughlin v. Berens, 73 App.D.C. 136, 139, 118 F.2d 193, 196, that "wherever justice requires a court may set aside a stipulation", appellant's third point—and the one most emphasized at oral argument—is that the trial court was in error in holding it had no power to relieve appellant from compliance with his agreement. However, the record does not disclose that the trial court made such ruling. On the contrary, the court, after consideration of the motion, in a written memorandum, recognized its discretionary power to set aside the judgment, but concluded that in the circumstances of the case the parties should be bound by their stipulation. In its memorandum the court did state that the stipulation was "mandatory," but we construe that expression to have been used in the sense that the stipulation was mandatory on the parties unless for good cause shown the courts should grant relief from it.

■ We find no error in the court's ruling. It is well settled that generally parties are bound by their stipulations. When in the course of litigation the parties, with approval of the court, deliberately stipulate for final settlement and disposition of their controversy, such stipulation should not be lightly set aside. Appellant after agreeing

to pay $500 in cash in thirty days waited until the 31st day and then mailed a check which could not be received until the 32d day. Moreover the check bore a notation contrary to the terms of the stipulation. And, for reasons not explained, the check was not sent to appellee's attorney, as it should have been, but was mailed to appellee's office. There was no abuse of discretion in holding appellant bound by his stipulation.

Affirmed.