**Jerry MAIATICO, trading as New Medico Building, Appellant,**

**v.**

**Joel NOVICK, Appellee.**

**No. 1554.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 4, 1954.

Decided Nov. 2, 1954.

Herman Miller, Washington, D. C., for appellant.

Jacob C. Lish, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee was sued by appellant, his former landlord, for three months rent total-

6. 8 Am.Jur., Brokers, § 144; Annotation 9 A.L.R. 1194.

ling $711.99. Appellee did not deny owing the rent but he counterclaimed for damages resulting from alleged deprivation of serv-. ices in connection with his tenancy. Before the case reached trial the parties on March 10, 1954, signed and filed a stipulation that judgment be entered for appellant for $711.99, without interest or costs, and with a stay of execution until July 15, 1954. The stipulation further provided that "if the said $711.99 is not paid on or before July 15, 1954 then interest from March 1, 1952 and costs shall be made part of the judgment and added thereto." Pursuant to the stipulation judgment was entered by the court on March 10, 1954, for $711.99.

Appellee did not pay the judgment on or before July 15 and on July 21 appellant filed a motion to have judgment entered for $711.99, with interest from March 1, 1952, and costs. The motion was denied and this appeal followed.

At the hearing on the motion appellee testified that although he signed the stipulation he failed to make a notation of the date the judgment was to be paid, that he received no demand for payment prior to July 15, that on July 23 his attorney notified him of the filing of the motion and he immediately sent a check for $711.99 marked "Payment in full of the judgment," but it was returned to him by appellant's attorney. In ruling on the motion the court stated no ground for its denial.

 Although a court may set aside a stipulation wherever justice requires,[1] parties generally are bound by their stipulations, and a stipulation deliberately entered into by parties for final disposition of their controversy ought not to be lightly set aside.[2] Here there is no claim that the stipulation was improvidently made. The only claim is that, having made the stipulation, appellee, described in his brief as a busy doctor, failed to make a note of his agreement and apparently gave it no fur-

ther thought. Something more than this is required for relief from an agreement embodied in the form of a stipulation filed in court for settlement of pending litigation.

 The effect of the court's denial of the motion was not to set aside the stipulation and restore the parties to their original positions, but was to make a new and different stipulation with terms more favorable to appellee. The court had no power to do this. It was error to deny the motion.

Reversed with instructions to amend the judgment of March 10, 1954, by adding thereto interest from March 1, 1952, and costs.

1. Laughlin v. Berens, 73 App.D.C. 136, 118 F.2d 193.

2. Waltemeyer v. Autocar Sales & Service Co., D.C.Mun.App., 103 A.2d 921.