**Milton M. COSTEN, Appellant,**

v.

**Patricia L. BUSCHOW, Appellee.**

**No. 3757.**

District of Columbia Court of Appeals.

Argued Oct. 4, 1965.

Decided Oct. 25, 1965.

Rehearing Denied Nov. 8, 1965.

Josiah Lyman, Washington, D. C., for appellant.

Leonard C. Collins, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

Appellee brought this action for possession of real estate, alleging she had become owner of the premises through purchase at foreclosure sale and had given appellant the required thirty days' notice. Appellant answered by denying ownership in appellee and claiming ownership in himself. It appeared that an action involving title to the real estate was then pending in the United States District Court for the District of Columbia, and after preliminary motions, the parties entered into a formal stipulation, approved by the trial court, that appellant should pay to appellee $80 a month until such time as the issues in the District Court action were finally adjudicated and that then the rights of the parties in this action would be determined accordingly.

The stipulation, filed February 8, 1965, provided that the first payment would be made February 15 and like payments on the 15th of each succeeding month, that the payments were to be made not as rent but in lieu of the bond required by D.C.Code 1961, § 11–738, and that if appellant did not make the payments within the time prescribed, appellee would be entitled to possession of the premises.

Appellant failed to make the first payment and a week thereafter appellee moved for judgment for possession in accordance with the stipulation. Appellant opposed the motion, but admitted failure to make the payment and, as far as the record discloses, offered no explanation or excuse for such failure. The court granted the motion. Later appellant moved to vacate the judgment and at this time tendered the past due payment and court costs. The motion to vacate was also denied, and this appeal followed.

Admitting his failure to comply with the stipulation, appellant argues that the trial court should have relieved him from strict compliance and should have required appellee to accept the tender of the past due payment.

In Maiatico v. Novick, D.C.Mun.App., 108 A.2d 540, 541 (1954), we said:

Although a court may set aside a stipulation wherever justice requires, parties generally are bound by their stipulations, and a stipulation deliberately entered into by parties for final disposition of their controversy ought not to be lightly set aside.

We think the quoted language is applicable here. When parties to litigation enter into a formal stipulation, it is their agreement, they are bound by it, and the court should enforce it. No valid excuse was shown for appellant's failure to comply and the trial court properly held appellant to the terms of his own agreement.

Affirmed.