WILLIAM F. KLINGENSMITH, INC.,
et al., Appellants,

v.

DISTRICT OF COLUMBIA for the use
and benefit of Reliance Insurance
Company, Appellee.

No. 9584.

District of Columbia Court of Appeals.

Submitted Nov. 20, 1975.

Decided March 1, 1977.

Branko Stupar, Washington, D. C., for appellants.

Richard Nicolaides, Washington, D. C., for appellee.

Before GALLAGHER * and NEBEKER, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Appellants appeal from a judgment of the Superior Court awarding the Reliance Insurance Co. (Reliance) $9,413.92. They contend that the trial court erred in finding that appellant William F. Klingensmith, Inc. (Klingensmith) had by silence agreed to pay Reliance $8,492.10 in settlement of claims arising from a dispute concerning performance under a subcontract between Klingensmith and Cohen Brothers Plumbing & Heating, Inc. (Cohen). We are persuaded that Klingensmith's silence could not as a matter of law constitute an acceptance of Reliance's offer and we must accordingly reverse the judgment of the trial court.

In October of 1970, Klingensmith agreed to modernize and enlarge a public school. Later that same month, Cohen agreed to perform all plumbing, heating and air conditioning work required by the contract between Klingensmith and the District of Columbia. On September 13, 1972, Cohen informed Klingensmith that all future payment checks should be mailed to Reliance. Within two weeks of this notice of assignment, Klingensmith wrote to Cohen advising that company of work which it had yet to perform under the subcontract. Cohen, in response, claimed that it had already completed much of the allegedly unperformed work and that it was not required by the subcontract to do some of the other work specified by Klingensmith. It further replied that it would halt work unless Klingensmith paid 98% of the payments due. Two days later, Klingensmith informed Reliance that it was terminating the subcontract with Cohen. Cohen then billed Klingensmith for $18,754.58, the amount it alleged was due under the contract. Klingensmith disputed this amount.

A series of meetings and telephone conversations in an attempt to determine the liability of the various parties culminated in a February 6, 1973, meeting attended by Klingensmith's president and representatives of Cohen and Reliance. The representatives of Cohen and Reliance testified at trial that at the February 6 meeting Klingensmith's president agreed to pay $8,492.10 in settlement of the dispute. On February 9, Reliance mailed to Klingensmith a letter outlining Reliance's understanding of the agreement allegedly reached at the meeting. Specifically, the letter stated that it was Reliance's understanding that Klingensmith's books reflected a balance of $8,492.10 owing to Cohen. The letter further claimed that Reliance's records similarly indicated that Klingensmith owed this amount. The letter concluded with the request that Klingensmith inform Reliance of any comments it might have with regard to Reliance's understanding of the agreement reached. Klingensmith did not respond to this letter nor did it make any payment on the $8,492.10. On April 25, 1973, Reliance filed suit against Klingensmith and the Hanover Insurance Company on its performance bond seeking payment of the $8,492.10, plus additional sums representing charges for work not covered by the basic subcontract. Reliance brought this suit against Hanover pursuant to D.C.Code 1973, § 1–804b, which provides that a person who has furnished labor or material necessary in the prosecution of work on a contract for the construction of a public building may bring suit on the performance bond covering that contract. The trial court noted that Klingensmith did not contest its joinder as a party defendant even though the statute provides only for suit against the surety. Klingensmith apparently conceded on the basis of D.C.Code 1973, § 11–921, that the complaint against it sounded in contract for money due.

Suit under § 1–804b, *supra*, must be brought within one year after the date on which the last of the labor or material was supplied. The trial judge, in response to

* Judge Gallagher did not participate in the decision of this case.

Hanover's motion to dismiss, found that Reliance had filed the suit within one year.

At trial, Klingensmith claimed that it had never agreed to pay the $8,492.10. Because of the inability of Reliance to point to any express promise to pay this amount, the trial judge found that no contract existed as a result of the February 6 meeting. The trial judge did hold, however, that Klingensmith's silence as to the February 9 letter constituted an acceptance of the terms expressed in that letter and resulted in the creation of a contract.[1] It is from this holding that the appellants' appeal.

The trial judge based his holding upon a finding that the past relations of the parties and the circumstances surrounding those relations were such that a reasonable person would construe the failure to respond to the letter as indicating acceptance of the terms of the letter. This finding, however, is undermined and precluded by the February 9 letter itself, by the finding of the trial judge that no understanding was reached at the February 6 meeting, and by the inability of Reliance to demonstrate that it relied to its detriment on Klingensmith's silence.

The February 9 letter began by stating, "This letter is being dictated to set out the understanding reached between Cohen Brothers Plumbing & Heating, Inc., and the William F. Klingensmith, Inc., as to the balance due Cohen Brothers under this contract with your company. . . . " The letter then set forth the amounts due to Cohen. These amounts were taken directly from Klingensmith's books. The letter then mentioned a number of items which were still in dispute. The letter did not deal with how much might be due Klingensmith as a result of work incompletely or improperly performed by Cohen. It also failed to indicate what, if any, consideration

would be forthcoming from Cohen or Reliance as a result of this understanding.

■ In light of the finding that no agreement was reached at the February 6 meeting, it is on this record an extremely strained exercise in reasoning to construe a failure to reply to the letter as constituting not only an agreement with the figures representing the book balance due Cohen, but also a complete settlement of all claims arising from the subcontract. The language of the letter is too limited and too ambiguous to permit such an all-encompassing legal conclusion.[2]

■ Furthermore, even if the letter is properly read so as to refer only to the book balance due Cohen, Klingensmith's silence did not create a contract. The Restatement (Second) of Contracts, to which we subscribe for resolution of this issue, states the general principle that an offeror ordinarily lacks the power to make an offeree's silence result in an acceptance. Restatement (Second) of Contracts § 72, comment *a* (Tent.Draft, 1964). *Accord,* 1 Corbin § 72 (1963 ed.); 1 Williston § 91 (Jaeger ed. 1957). The Restatement (Second) carves out three exceptions to this general rule. The exception here relevant explains that silence will operate as an acceptance "[w]here because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intent to accept." Restatement (Second) of Contracts § 72(1)(c) (Tent.Draft, 1964). The comment to that section further explains that this exception requires either that the offeree has taken the offered benefits or that one party has relied upon the other party's manifestation of intention that silence may operate as an acceptance. Restatement (Second) of Contracts § 72, comment *a* (Tent.Draft, 1964). Since the

1. We need not reach the question whether this theory of recovery is fairly embraced in the pleadings bringing the suit at issue.

2. That the trial court interpreted this understanding as a settlement of all subcontract claims is apparent from its dismissal of a number of Klingensmith's counterclaims. These counterclaims were dismissed, according to the trial judge, because they dealt with the subcontract and were thus merged into the contract brought about through Klingensmith's silence.

dispute was over work already completed and no further work was contemplated, there were no offered benefits for Klingensmith to accept, and Reliance was thus required to show that it acted to its detriment.

The cases cited by the trial judge in his memorandum opinion and by Reliance in its brief emphasize this element of reliance. In *Lamis v. Des Moines Elevator & Grain Co.*, 210 Iowa 1069, 229 N.W. 756 (1930), the offeror shipped grain from its plant based upon a long-standing course of dealing with the offeree and upon the offeree's silence as to the offeror's letter setting forth the terms of the sale. The court determined that the offeree's failure to respond to the offeror's letter and the latter's reasonable reliance upon that silence caused a contract to come into existence. More recently, in *Brooks Towers Corp. v. Hunkin-Conkey Construction Co.*, 454 F.2d 1203 (10th Cir. 1972), a building contractor responded to work orders from the owner of the building on a printed form setting forth the increase in cost and the extra days required to perform the additional construction mandated by the work order. The owner's architect consistently acted on that portion of the form dealing with the increase in price either by approving or by disapproving the amount specified by the contractor. Often, however, the architect failed to take any action on the section of the form relating to extensions of time. The court found that in light of the contractor's reasonable reliance upon the architect's failure to object to the extension of time required, the architect's silence would be construed as an acceptance of the requests for extensions. The appellate court agreed with this analysis of the facts and the law. Like results have been reached by other courts. *See, e. g., Laredo National Bank v. Gordon*, 61 F.2d 906 (5th Cir. 1932); *Freimuth v. Glens Falls Insurance Co.*, 50 Wash.2d 621, 314 P.2d 468 (1957).

In the instant case, there is no reason why Klingensmith should have expected that Reliance would rely to its detriment upon its understanding of the agreement it thought had been reached at the February 6 meeting. The parties never agreed at that meeting that Reliance would refrain from bringing suit on any claim under the subcontract. Furthermore, Reliance did not indicate in the February 9 letter that it was in any way relying upon its understanding of the agreement it thought had been reached at the February 6 meeting. The trial judge found detriment in suit being brought on the agreement rather than on any claim Reliance might have had under the basic subcontract. This finding is not supported by the record, however, as at the time that suit was filed the one-year period for bringing claims against the performance bond had not yet expired. Furthermore, the statute of limitations on a claim arising from the subcontract had not yet run. Consequently, Reliance had not relied to its detriment upon Klingensmith's silence. It still had the option of suing either Klingensmith or Hanover Insurance Company on claims arising from the subcontract.

Since there is no basis in fact or law for Klingensmith to have expected that its silence was an agreement to settle all claims on the subcontract, and since Reliance did not rely to its detriment on Klingensmith's silence, no contract ever came into being as a result of Klingensmith's silence. Accordingly, the judgment of the trial court, to the extent of the $8,492.10 award based on contract by silence, is reversed and the case is remanded for such further proceedings as may be deemed warranted.

*So ordered.*