**Douglas Allin HOCH, Appellant,**

v.

**William H. GATES, III, Representative, Microsoft Corp., Appellee.**

**No. 01–7045.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 20, 2001.

Before WILLIAMS, SENTELLE, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia, appellant's brief, and the motion for mandamus for a default judgment, which the court has construed as a motion for summary reversal, it is

ORDERED that the motion for summary reversal be denied. It is

FURTHER ORDERED AND ADJUDGED that the district court's judgment be affirmed substantially for the reasons stated by the district court in its memorandum and dismissal order. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). Gates had no duty to respond to Hoch's offer; therefore, Gates' silence and inaction did not create a contract. *See Klingensmith, Inc. v. District of Columbia,* 370 A.2d 1341, 1343 (D.C.1977). Furthermore, on appeal, Hoch has not suggested any facts that, if added to his complaint, would adequately allege the existence of a contract. *Cf. Davis v. District of Columbia,* 158 F.3d 1342, 1349 (D.C.Cir.1998) (affirmance of *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) appropriate if plaintiff does not make clear on appeal he can add facts to complaint entitling him to relief).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.