## LYONS *v.* ALLEN.

_____

DAMAGES, RELEASE OF CLAIM FOR; RESCISSION FOR FRAUD; CONSIDERATION, RETURN OF.

1. Where in an action at law to recover damages for personal injuries a release is pleaded in bar, the plaintiff may show it was procured by fraud; but to avoid the effect of the release, at law as well as in equity, the party seeking to avoid or rescind the instrument must restore the consideration received, or put the other party in *statu quo*; and this principle applies as well in cases of rescission or avoidance on the ground of misrepresentation and fraud as to other cases.
2. And in such a case it is no answer to the objection that the consideration received has not been returned, or offered to be returned, that the amount received by the plaintiff under the release has been discounted from a verdict recovered by the plaintiff below.

No. 703.  Submitted October 15, 1897.  Decided December 8, 1897.

HEARING on an appeal by the defendants from a judgment on verdict in an action to recover damages for personal injuries.  *Reversed.*

The facts are sufficiently stated in the opinion:

*Mr. H. W. Sohon* for the appellants:

1. The testimony of the plaintiff does not show fraud in the release.  He does not assert that he did not know he

was executing a release of all claim against the defendants by reason of the accident, but claims that the consideration which he was to receive for the release is falsely stated in the paper—that what he agreed to accept is different from that stated. The release is produced, not for enforcement as an executory contract, but as evidence of an act of the plaintiff. That act having been intentional, with knowledge of its legal effect, and evidenced under seal, requires no consideration to support it, and must stand for what plaintiff intended it. The law is not concerned with the consideration unless unlawful; the statement of the consideration or inducing motive is unnecessary and an erroneous statement can not be fraud in law. *Vandervelden* v. *Railroad Co.*, 61 Fed. Rep. 54; *Hartshorn* v. *Day*, 19 How. 211; *Stevens* v. *Judson*, 4 Wend. 471; *Vroom* v. *Phelps*, 2 Johns. 177.

2. That plaintiff did not understand the paper, or could not read it, does not entitle plaintiff to avoid it. *Railroad Co.* v. *Shay*, 82 Pa. St. 198; *Seeright* v. *Fletcher*, 6 Black. 380; *May* v. *Johnson*, 3 Ind. 449; *Greenfield's Estate*, 2 Harris, 489; *Hallenbeck* v. *Dewitt*, 2 Johns. 404. Permitting plaintiff to sign without knowing the contents of the paper can not be considered fraud, in view of his announcement just prior to the execution of the paper that he could read and the absence of a denial of the testimony of Loulan that plaintiff said he understood the paper. If the plaintiff simply executed the release recklessly without understanding it, that would not constitute fraud on the part of the defendant or entitle plaintiff to have it disregarded as a nullity. *Spitz* v. *Railroad*, 75 Md. 162.

3. The plaintiff received from the defendants five dollars per week for eight weeks, as promised, in consideration for the release, and claims not to have discovered that the payments of five dollors per week were limited to eight weeks, until in the month of March, 1896, the payments ceased. Suit was filed September 3, 1896, and no evidence was offered of the return or tender to the defendants of said pay-

ments nor any excuse offered for the lack of such return or tender. One who desires to rescind a compromise on the ground of fraud must promptly on the discovery of the fraud restore, or offer to restore, to the other party whatever he has received by virtue of it before bringing suit. *Vandervelden* v. *Railway Co.*, 61 Fed. Rep. 54; *Gould* v. *Bank*, 86 N. Y. 75; *Insurance Co.* v. *Girton*, 124 Ind. 217; *Strodder* v. *Granite Co.*, 94 Ga. 616; *Pangborn* v. *Insurance Co.*, 67 Mich. 683; *Brown* v. *Insurance Co.*, 117 Mass. 479; *Barker* v. *Railway Co.*, 65 Fed. Rep. 460; *Gibson* v. *Railroad Co*, 164 Pa. St. 142; *Drohan* v. *Railroad Co.*, 162 Mass. 435; *Potter* v. *Insurance Co.*, 63 Me. 440; *Herman* v. *Heffennegger*, 54 Cal. 161; *Stewart* v. *Railroad Co.*, 62 Tex. 246.

In an action at law upon the original claim the plaintiff must show that he rescinded the fraudulent compromise prior to the commencement of the action. If no rescission is shown a final determination by the court that plaintiff was entitled to more than the sum paid is no answer to the objection. *Gould* v. *Bank*, 86 N. Y. 75.

*Mr. James A. D. Richards* and *Mr. Lorenzo A. Bailey* for the appellee:

1. A release may be shown to be fraudulent. *Bussian* v. *Railroad Co.*, 56 Wis. 325; *Lusted* v. *Railroad*, 71 Wis. 391, 397; *Schultz* v. *Railroad*, 44 Wis. 638, 645; *Packet Co.* v. *Defries*, 94 Ill. 598; *Railroad Co.* v. *Doyle,* 18 Kan. 59.

2. A release obtained by fraud may be repudiated without refunding the money paid therefor or tender thereof. *Mullen* v. *Railroad Co.*, 127 Mass. 86; *Mateer* v. *Railroad Co.*, 15 S. W. Rep. (Mo.) 970, 972; *Railroad Co.* v. *Doyle*, 18 Kans. 59. The rule as to refunding the money does not apply where the party paying it holds out that it is given for one thing and by fraud obtains an agreement that it was for another. *Mullen* v. *Railroad Co.*, 127 Mass. 89; 20 A. & E. Enc. 762 *et seq.* What right has one who pays money as a means to perpetrate a fraud upon another to

complain of the loss of it? The jury found fraud in the alleged accord. The money was paid, with fraudulent intent, to establish satisfaction of a fraudulent accord in all which the plaintiff acted in good faith. Under the instructions given them, the jury in their verdict gave the defendants credit for the $50.00 paid.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action was brought to recover for personal injuries sustained by the plaintiff, Eugene A. Allen, occasioned, as he alleges, by the negligence of the defendants, John E. Lyons and Thomas H. Lyons, the present appellants. The defendants were contractors for the construction of a sewer in that part of Washington City known as Georgetown, and the plaintiff was employed as a common laborer on the work; and in the course of his employment and while acting under the immediate direction of one of the defendants, some of the timbers of a scaffold over which he was moving a heavy block of stone, broke and gave way, causing the plaintiff to fall on the arch made in the sewer, and to break his leg. The facts are set out in the declaration substantially as they were proved by the plaintiff. The defendants pleaded the general issue, not guilty, and the trial resulted in a verdict for the plaintiff. The defendants have appealed.

The case was resisted in defence upon three distinct grounds: 1st. That the injury complained of was not produced by the negligence of the defendants; 2d. That such injury was produced by the plaintiff's own fault, or by his contributory negligence; and, 3d. That the defendants had been fully released by the plaintiff for adequate consideration paid, from all possible liability that had accrued or might accrue by reason of the accident and the injury received by the plaintiff.

At the conclusion of the evidence, both plaintiff and

defendants offered prayers for instructions to the jury, some of which were granted and others refused.

Among those offered by the defendants were two, numbered the eleventh and twelfth, which prayed the court to instruct the jury, that inasmuch as the plaintiff had admitted the execution of the release given in evidence, and that he had received the money specified therein to be paid, as the consideration therefor, and that he had not returned or offered to return the money so received, he could not maintain this action.   But the court refused to give such instruction, and instructed the jury that the action could be maintained, notwithstanding the money received by the plaintiff had not been returned or offered to be returned to the defendants.   This ruling of the court was excepted to, and it forms one of the principal grounds of error assigned on this appeal.   And in the view we have of the case, this question relating to the release and the non-return of the money received thereunder, is the only one that need be decided on this appeal.

The execution of the release is not denied by the plaintiff, but he seeks to avoid its operation by showing that it was obtained from him by fraud and deception.   He swears and contends that the terms of the release are not such as he understood them to be when he signed the paper, and that he was imposed upon and misled by one of the defendants, and witness Loulan acting for the defendants, and that he was induced to sign the release containing terms and limitations less beneficial to him than it was represented to contain, and that he would not have signed the paper if he had correctly understood its contents.   He says he could not read the paper and was barely able to write his name.

The release was executed by the plaintiff a few days after the accident, while he was confined at the hospital in consequence of his injury.   It is dated the 7th of January, 1896, and is under the hand and seal of the plaintiff—the signa-

ture being made by a mark. The terms of the instrument
are as follows:

"In consideration of the payment by John E. Lyons and
Thomas H. Lyons of the sum of—dollars, the receipt whereof
is hereby acknowledged, and of the agreement on their part
to pay me the further sum of five dollars per week for every
week that I may be compelled to remain in the hospital
directly by reason of the injury to my leg received at the
accident hereinafter named, not exceeding on the whole,
however, more than eight weeks, I do hereby release, ex-
onerate, acquit, and forever discharge the said John E.
Lyons and Thomas H. Lyons, individually or as copartners,
trading as Lyons and Brother, from any right, claim, or
demand of any kind which I have or may or might have
against them or either of them, as individuals or partners,
for or on account of any injury, loss, or damage sustained
or to be sustained by me by reason of the accident at the
Potomac Street sewer, on Potomac near Grace street, in that
part of the District of Columbia known as Georgetown, or
for or on account of any cause or matter whatever, hereby
declaring myself fully paid therefor."

The plaintiff testifies that he could not read the release
when presented to him, but when read to him he distinctly
refused to agree to the terms stated therein, and that it was
distinctly understood that he was to receive $5 per week
until he was able to work as he had done before he was in-
jured, and he supposed the release had been changed to
express that meaning, and not, as recited in the release now
produced, that he should receive $5 per week while remain-
ing in the hospital, not to exceed in time more than eight
weeks. It is in this alleged discrepancy as to time between
what is contained in the release and what the plaintiff says
that it was understood that it should be, that he was de-
ceived and misled. He admits that he intended to execute
the release, and he also admits that the defendants paid
him $50 on the agreement in sums of $5 for each of ten

weeks after the date of the release; but he says that the agreement as expressed in the release is not what he thought it was. He admits that he knew that the money he received was for executing the release; and it is conceded that he has never returned, or offered to return, the money thus received. He has not recovered his ability to work such as he possessed before the injury received.

Of course, if there was no fraud in procuring the release, and the plaintiff voluntarily executed it, it at once formed a complete bar to the action. And even if the plaintiff were deceived in the execution of the instrument, but afterwards, and when fully informed of the contents of the release, and all the facts attending its execution, he ratified the release, he would be bound by it. But if the release was, as contended by the plaintiff, procured from him by any fraudulent device or deception, and he has not subsequently ratified it, he may show the facts in evidence, and avoid the release in an action at law, when set up as a bar to the action. Formerly, this right of avoiding a release under seal, on the ground of fraud, in an action at law, when set up as a defence to the action, was generally denied, and the party was referred to a court of equity, in jurisdictions where the remedies at common law and equity are separate.

But it is now generally held, by a great preponderance of authority, that a release so set up as a defence may be avoided at law. It is a condition, however, to the exercise of the right so to avoid the effect of the release, at law as well as in equity, that the party seeking to rescind or avoid the instrument must restore the consideration received, or put the other party in *statu quo*; and this principle applies as well in cases of rescission or avoidance on the ground of misrepresentation and fraud as to other cases. *Bartlett* v. *Drake*, 100 Mass. 174, and cases cited. It would seem to be but right and just, that a party after accepting a certain sum in settlement of an unliquidated claim for damages under a contract or release, and afterwards seeks to pursue

his remedy for the damages on the ground that the settle-ment was procured by fraud, or is not binding upon him, that he should first refund the amount received. This principle is settled by many express decisions of courts of the highest authority, though there are cases to be found to the con-trary. The great weight of authority, however, is clearly in support of the principle just stated, and we think it just and right upon principles of reason and equity. *Coolidge* v. *Brigham,* 1 Metc. 547; *Estabrook* v. *Swett,* 116 Mass. 303; *Brown* v. *Hartford Ins. Co.,* 117 Mass. 479; *Mullen* v. *Old Colony R. Co.,* 127 Mass. 86; *Burton* v. *Stewart,* 3 Wend. 236; *Gould* v. *Bank,* 86 N. Y. 75; *Bain* v. *Wilson,* 1 J. J. Marshall, 202; *Tenn. R. Co.* v. *Hays,* 83 Ga. 558; *Home Ins. Co.* v. *Howard,* 111 Ind. 544; *Vandervelden* v. *Chicago, &c. R. Co.,* 61 Fed. Rep. 54.

The principle, as established by the authorities, is well stated by the Supreme Court of Massachusetts, in the case of *Drohan* v. *Lake Shore, &c., R. Co.,* 162 Mass. 435. In that case, the question was as to the effect of retaining money paid for a release, obtained under such circumstances as would have entitled the plaintiff to avoid the same; and the court, upon full consideration of all the authorities, in its opinion, said: "As, however, the ruling of the court pro-ceeded upon the ground that the action could not be main-tained without first tendering back the money received, we proceed to consider this point.

"The general rule is well settled, that, if a person enters into a contract, and afterwards seeks to avoid the effect of the contract on any ground that would entitle him to re-scind it, he must first restore what he has received;" citing several of the authorities that we have hereinbefore cited. And in referring to the case of *Mullen* v. *Old Colony R. Co.,* 127 Mass. 86, a case for personal injuries where the defence was a settlement of the case for $450, by an instrument in writing signed by the plaintiff by his mark, the court said: "The plaintiff's evidence in that case tended to show that

he was blind and illiterate, and that he was induced to affix his mark to the paper by fraudulent representations that the money was given to him as a gratuity, and to support him until the trial, and without prejudice to his claim against the defendant. The court held that, if the jury believed this evidence, it was not necessary for the plaintiff to pay the money back. In other words, the decision was, that if the payment was a gratuity, or related to a part only of the cause of action, it was not necessary to return the money, so far as the rest of the cause of action was concerned."

In the recent case of *Girard* v. *St. Louis Car Wheel Co.*, 123 Mo. 358, the question here presented was quite fully discussed, but the court of seven judges were divided in opinion, four to three, as to the final conclusion, the majority founding their conclusions upon different views of the case, expressed in separate opinions, neither of which seems to treat the question we are now considering as necessarily involved in the case as then presented; while the minority of three discuss the precise question here presented, regarding it as properly presented in that case, and they held, that when one has received anything of value on a settlement of a right of action, and executed a release therefor, the contract of settlement, although obtained by fraud and misrepresentation, constitutes an insuperable barrier against a recovery at law so long as it is not rescinded or avoided by a return, or an offer to return, of the consideration paid for it. In the opinion of the minority, it is said, "The authorities are almost unanimous in holding that where money or any other valuable thing is paid, on a settlement to obtain a release of any right of action, before the person to whom it is paid and who has the right of action can recover on it, he must return, or offer to return, whatever he has received, if of any value, and this he must do, although the settlement or release was obtained by fraud. And it is also manifest from the decided weight of authority that the offer to

return whatever of value has been received as a consideration for the settlement or release must be made before or at the time the suit is brought, and the contract or agreement, in so far as it lies in the power of the party desiring to do so, rescinded." In support of this principle several cases are cited, and we think the principle thus stated is in all respects correct, and fully sustained by the authorities, those cited, and others not cited.

It is no answer to the objection that the money has not been returned, or offered to be returned, that the amount received by the plaintiff under the release has been discounted from the verdict. Suppose the verdict had been found for the defendants, because of insufficient proof of negligence on their part, or because of contributory negligence on the part of the plaintiff, what would have been the predicament of the defendants in respect to the money paid under the release? Clearly they could have no recourse to recover it back from the plaintiff. The plaintiff can not be allowed both to affirm and disaffirm, according as the case may terminate; he can not affirm for what he has received, and disaffirm and repudiate the release as to the difference between that amount and what he might expect to recover by the verdict of the jury. He must disaffirm and rescind the release *in toto*, if the facts justify him in so doing, and return or offer to return what he has received under it, before bringing his action.

It follows that the judgment must be reversed, and the cause remanded; and it is so ordered.

*Judgment reversed, and cause remanded.*