James CUMMINGS and Madia Cummings, Appellants,

v.

JACK HURWITZ, INC., a corporation, Appellee.

No. 3522.

District of Columbia Court of Appeals.

Argued July 20, 1964.

Decided Nov. 2, 1964.

———◆———

Frederick H. Livingstone, Washington, D. C., for appellants.

Richard W. Barnes, Rockville, Md., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Early in the year 1962 Mr. and Mrs. Cummings conferred with appellee regarding draperies and wall-to-wall carpeting for their apartment.[1] It was finally agreed that appellee would furnish custom-made carpeting of a particular color not available in regular carpeting at a cost of $2,327.50. The carpet was laid in June 1962 and final payment thereon was made on July 2d. A week or two thereafter Mrs. Cummings noticed marks in the carpeting and she called appellee's representative. He went to the apartment and saw the lines or marks in the carpet which he described as "pass marks." A representative from the manufacturer, who examined the carpet at appellee's request, also testified that the lines were "pass marks" and that "pass marks" are inherent in any custom-made carpet which must be made on a small loom. At some time (the date is not made clear by the record), Mrs.

Cummings asked appellee to take back the carpeting and replace it, but she was told this could not be done. On January 12, 1963, an attorney for Mr. and Mrs. Cummings wrote appellee, requesting that appellee remove the carpet and refund the full purchase price. This request was refused, and in October 1963 Mr. and Mrs. Cummings brought this action.

The complaint alleged a "breach of contract resulting from unsatisfactory goods" and sought recovery of the full purchase price. At the conclusion of the trial the court, sitting without a jury, made no finding as to whether the contract had been breached, but ruled that plaintiffs were required to elect between an action for breach of contract and one for rescission of contract. The court further ruled that if plaintiffs relied on breach of contract, they had failed to prove damages, and if they relied on rescission they had lost that right by failure to act within a reasonable time. Accordingly, finding and judgment were entered for appellee.

The only point made on this appeal is that the plaintiffs (now appellants) exercised their right to rescind within a reasonable time. The general rule, recognized by appellants, is that one who seeks to rescind a contract must act with a reasonable time after discovery of the facts justifying rescission. 17A C.J.S. Contracts § 431. Determination of what constitutes a reasonable time depends upon the particular facts of the case and ordinarily is a question of fact, though in extreme cases it may be one of law. Campbell Music Co. v. Singer, D.C.Mun.App., 97 A.2d 340 (1953). The evidence here presented a question of fact and we cannot hold that the trial court was in error in finding that appellants lost their right of rescission, if they had such a right, by an unreasonable delay in asserting it.

Affirmed.

1. The draperies were furnished by appellee, were satisfactory, and are not in issue here.