**Stephen J. SPINGARN, Appellant,**

v.

**LANDOW & CO., Appellee.**

**No. 7741.**

District of Columbia Court of Appeals.

Argued March 11, 1975.

Decided July 16, 1975.

Rehearing Denied Aug. 27, 1975.

Frank J. Delany, Washington, D. C., for appellant.

Lawrence Sperling, Silver Spring, Md., with whom Saul M. Schwartzbach and Da-

vid M. Wortman, Washington, D. C., were on the brief for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from a judgment of eviction. At trial Landow & Co., the landlord, sought possession of the premises occupied by Spingarn, the tenant, after expiration of the lease and after Spingarn had been given 60 days' notice of the landlord's intention not to renew. Because the landlord sold the apartment building during the pendency of this appeal, we hold that this case is moot and, thus, we do not reach the merits.

The tenant lived at the Colonnade apartment complex on New Mexico Avenue and, in April 1970, signed a two-year standard form lease which contained no self-extension or renewal clause. In March 1972 the landlord informed the tenant that his lease would not be renewed. The tenant refused to vacate the premises and remained there without a lease until July 1972. At that time the landlord and the tenant entered into another lease, but this one was for one year only. In April 1973 the landlord again gave the tenant notice that his lease would not be renewed and, again, the tenant refused to vacate when the lease expired. This time, however, the landlord began these proceedings to remove the tenant.

At trial the tenant, by way of a defense, charged that the landlord refused to renew the lease in retaliation for the tenant's having exercised a constitutional right. The trial court rejected the tenant's defense and, in ordering the tenant evicted, stated:

I have nothing before me, not one scintilla of evidence, that goes to retaliatory actions on the part of Mr. Landow to-

ward you [the tenant] in exercising a constitutional right.

After this court refused to stay the trial court's order evicting the tenant, he vacated the premises. In addition, pending this appeal the landlord sold this apartment building and, consequently, no longer has any proprietary interest therein.

■ The landlord argues that since he no longer owns the property, the case is moot. We agree.

■ It is clear that appellate courts will not decide abstract questions or decide issues if their judgment thereon would be wholly ineffectual. *Brownlow v. Schwartz,* 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620 (1923); *Price v. Wilson,* D.C. Mun.App., 32 A.2d 109 (1943); *Cardoza v. Baird,* 30 App.D.C. 86, 90 (1907). In addition, if, pending appeal, events occur which make it impossible for an appellate court to grant the necessary relief, then the case is moot and the appeal will be dismissed. *McChesney v. Moore,* D.C.Mun.App., 78 A.2d 389 (1951). Moreover, the Supreme Court in *Heitmuller v. Stokes,* 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990 (1921), held that when, subsequent to trial on a complaint for possession and prior to determination of the appeal, a landlord sells the affected property, the case becomes moot since a decision in his favor would not give him possession. Here the landlord, having sold the property in question, could not put the tenant back into possession if he were to prevail on the merits and thus the case is similarly moot.

Finally, while we do not decide the merits of this appeal, the trial judge's finding that there was no evidence of any retaliatory motive by the landlord in refusing to renew the lease is supported by the record.

*Appeal dismissed and the case is remanded with instruction to dismiss as moot.*