Dinese WRIGHT, Appellant

v.

THOMAS D. WALSH, INC., Appellee

No. 01–CV–1397.

District of Columbia Court of Appeals.

Argued Dec. 11, 2003.

Decided Aug. 5, 2004.

Lucy R. Edwards, Washington, for appellant.

Brian D. Riger, Bethesda, MD, for appellee.

Before TERRY, SCHWELB, and WASHINGTON, Associate Judges.

TERRY, Associate Judge:

Shortly after receiving a ninety-day notice to vacate the house that she was renting, appellant asked one of the owners if he would be willing to sell her the house. Later, after having the house appraised, appellant submitted an offer to buy it, but the owners never accepted the offer. When the ninety-day notice period expired, appellant was still living in the house. The owners' property manager then filed an action for possession in the Landlord and Tenant Branch of the Superior Court, which in due course entered a judgment of possession in favor of the owners. On appeal, appellant's sole contention is that the owners waived the ninety-day notice to vacate because they agreed to consider her offer to buy the house. We reject this argument because there is no statutory authority or case law

to support a finding of waiver under these circumstances; accordingly, we affirm.

## I

On April 27, 2001, counsel for Thomas D. Walsh, Inc. ("Walsh"), the property manager, served appellant with a ninety-day notice to vacate the house that she was renting. The notice stated that appellant had to vacate by July 31, 2001.[1] The owners of the house, Edward and Almagloria Michal, had directed Walsh to serve the notice on appellant because they were moving back to the District of Columbia from abroad[2] and wanted to occupy the house themselves with their two children. Shortly after the notice to vacate was served, appellant telephoned Mr. Michal and asked him if he would be willing to sell her the house. Appellant alleged that Mr. Michal agreed to sell the house, but there is no evidence in the record of what in fact was said during that phone call.[3]

Appellant then paid $300 to have the house appraised, and on June 21 her real estate agent, Joe R. McCray, submitted by letter her purchase offer of $157,000 to Walsh.[4] Mr. McCray's letter stated, "Enclosed is a contract offer for purchase of the property .... This contract offer is being submitted in accordance with [appellant's] conversation with the owner that he would sell the property to her with the appraised value as the selling price." Nei-

ther Walsh nor the Michals responded to the letter or accepted appellant's offer. On July 31, at the end of the ninety-day notice period, Mr. McCray sent another letter to Walsh inquiring about the status of appellant's offer. McCray wrote that "[i]f Mr. Michal has changed his plans, and does not desire to sell the property, then the 90 days notice period given to Mrs. Wright should begin as of July 30, 2001." Again, neither Walsh nor the Michals responded. On August 21, 2001, Walsh, on behalf of the Michals, filed an action for possession of the house.

At the hearing on Walsh's complaint for possession, appellant's counsel, relying on *Habib v. Thurston*, 517 A.2d 1 (D.C.1985), argued that the Michals had waived the ninety-day notice to vacate when they agreed to consider appellant's purchase offer.[5] The court pointed out that *Habib* was distinguishable from appellant's case because the landlord in that case accepted rent money from the tenant after serving a notice to vacate. The court then continued the hearing to give appellant's counsel an opportunity to file a memorandum of law.

In that memorandum, filed about ten days later, appellant's counsel argued that "where the Landlord agrees to consider an offer to buy from the tenant after the 90–day notice is served but prior to the 90 days running, that transaction has the ef-

---

1. There is no lease agreement in the record, but it appears that appellant was a tenant at sufferance. *See Young v. District of Columbia*, 752 A.2d 138, 142 (D.C.2000) (estate at sufferance is created when real property is rented by the month without a written agreement).

2. Mr. Michal was a foreign service officer who had most recently been stationed in Honduras.

3. At the hearing below, although Mr. Michal was present in court (appellant was not), neither party presented any testimony about the

substance of the telephone conversation. In the course of the hearing, Walsh's counsel maintained that Mr. Michal agreed only to consider appellant's offer to buy the house and that he never actually accepted the offer.

4. Some time thereafter Walsh and McCray entered into a written agreement to share the commission if the house was sold.

5. In *Habib* this court took note of the common law rule that a landlord waives a notice to vacate when he accepts rent for a period extending beyond the expiration of the notice. *See* 517 A.2d at 7.

fect of canceling the 90 days notice." Counsel admitted, however, that there was no legal authority to support her argument. At the hearing which followed, the court granted a judgment of possession to Walsh because appellant's argument was "not supported in the law." Appellant filed a timely notice of appeal.

## II

 This appeal[6] concerns a question of statutory interpretation, and we review such questions *de novo. E.g., District of Columbia v. Cato Institute,* 829 A.2d 237, 239 (D.C.2003); *Carter v. State Farm Mutual Automobile Insurance Co.,* 808 A.2d 466, 470 (D.C.2002). Appellant's argument is that a ninety-day notice to vacate, under D.C.Code § 42–3505.01(d),[7] is waived when the landlord considers the tenant's offer to purchase the rental property. Essentially, appellant is asking us either to read a waiver provision into the Rental Housing Act of 1985 or to create a new rule that covers her situation. Despite the creativi-

ty exhibited by appellant's argument, we agree with the trial court that it is "not supported in the law."[8]

 We affirm the judgment of possession for two reasons. First, the Rental Housing Act does not support appellant's argument. On the subject of notice, section 42–3505.01(d) provides only that the landlord "shall serve on the tenant a 90–day notice to vacate in advance of action to recover possession of the rental unit ...." There is no mention of a waiver if the landlord considers the tenant's offer to purchase the rental unit. In construing a statute, "[w]e must first look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning." *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979). "When the plain meaning of the statutory language is unambiguous, the intent of the legislature is clear, and judicial inquiry need go no further." *Cato Institute,* 829 A.2d at 240 (citation omitted). The plain language of section 42–3505.01(d) is incom-

---

**6.** We reject Walsh's contention that this appeal is moot because the house has been sold. We cannot conclude that the appeal is moot because the parties have not moved "to supplement the record on appeal to reflect the alleged sale of the premises." *Brown v. Hornstein,* 669 A.2d 139, 141 (D.C.1996); *see De Foe v. Weaver Bros., Inc.,* 108 A.2d 94, 95 (D.C.1954) (appeal was not moot because "nowhere in the record [was] there any evidence that the property had been sold").

**7.** The notice to vacate was served pursuant to D.C.Code § 42–3505.01(d) (2001), also known as section 501(d) of the District of Columbia Rental Housing Act of 1985. That statute provides in part:

> A natural person with a freehold interest in the rental unit may recover possession of a rental unit where the person seeks in good faith to recover possession of the rental unit for the person's immediate and personal use and occupancy as a dwelling. The housing provider shall serve on the tenant a 90–day notice to vacate in advance

of action to recover possession of the rental unit in instances arising under this subsection. No housing provider shall demand or receive rent for any rental unit which the housing provider has repossessed under this subsection during the 12–month period beginning on the date the housing provider recovered possession of the rental unit.

**8.** Appellant also asserts, citing three other provisions of the Rental Housing Act, that the Michals did not give her a right of first refusal before selling the house to a third party. We do not address this argument because, as we have already observed, *supra* note 6, there is nothing in the record to show that the house was sold. *See Cobb v. Standard Drug Co.,* 453 A.2d 110, 112 (D.C.1982) ("Appellate review is limited to matters appearing in the record ... and we cannot base our review of errors upon statements ... which are unsupported by that record" (citation omitted)). In any event, appellant concedes in her brief that the statutory provisions on which she relies "are not specifically on point with the facts of the instant case."

patible with appellant's argument.[9] We cannot accept appellant's interpretation of the statute, because to do so would read into the Rental Housing Act a provision that is not there. That is something we cannot do. *See 1841 Columbia Road Tenants Ass'n v. District of Columbia Rental Housing Comm'n,* 575 A.2d 306, 308 (D.C. 1990) ("It is not within the judicial function ... to rewrite the [Rental Housing Act] ... in order to make it more 'fair' "); *see also Coburn v. Heggestad,* 817 A.2d 813, 823 (D.C.2003) (rejecting "a bald request that the Court re-write the [Rental Housing Conversion and Sale Act of 1980], since the statute [was] not ambiguous at all").

Second, we can find no case law in this jurisdiction that supports appellant's argument. Appellant attempts to invoke the common law rule that "receipt of rent by a landlord, after notice to quit ... for a new term or part thereof, amounts to a waiver of his [or her] right to demand possession" as support for her assertion that a waiver occurred in this case. *Habib,* 517 A.2d at 6 (citation omitted).[10] That rule is inapplicable in this case because there is no evidence, as appellant acknowledges in her brief, that either Walsh or the Michals accepted rent from appellant for a term beyond the ninety-day notice period. Nor is the common law rule relevant even by analogy, because the record does not show that the Michals accepted appellant's offer to purchase the house. *See Malone v. Saxony Cooperative Apartments, Inc.,* 763 A.2d 725, 728 (D.C.2000) ("to form a contract, the offeree must convey to the offer-

or his acceptance of the offer"); *William F. Klingensmith, Inc. v. District of Columbia,* 370 A.2d 1341, 1343 (D.C.1977) ("an offeror ordinarily lacks the power to make an offeree's silence result in acceptance" (citing authorities)).

The judgment is therefore

*Affirmed.*

---

9. Nor is there anything in the legislative history of section 42–3505.01(d) to suggest that a waiver occurs when a landlord considers a tenant's offer to purchase the rental property.

10. We explained in *Habib* that "[n]othing in the 1980 [Rental Housing] Act or its legislative history indicates that the Council of the District of Columbia has abrogated this common law rule ...." 517 A.2d at 6. The legisla-

tive history of the Rental Housing Act of 1985 also contains nothing to suggest that the Council abrogated the common law rule or even desired to do so. Additional authority for the common law rule can be found in *Kaiser v. Rapley,* 380 A.2d 995, 997 (D.C. 1977), *Rhodes v. United States,* 310 A.2d 250, 251 (D.C.1973), and *Byrne v. Morrison,* 25 App. D.C. 72, 75 (1905).