**Linda W. CROPP, et al., Appellants,**

v.

**Anthony M. WILLIAMS, Appellee.**

**No. 03–CV–823.**

District of Columbia Court of Appeals.

Jan. 29, 2004.

---

Robert J. Spagnoletti, Corporation Counsel, with whom Edward E. Schwab, Acting Deputy Corporation Counsel, and Donna M. Murasky, Senior Litigation Counsel, were on the motion to dismiss.

Charlotte Brookins–Hudson, General Counsel, Brian K. Flowers, Deputy General Counsel, and John Hoellen and Donald Kaufman, Assistant General Counsel, were on the opposition to the motion to dismiss.

Before FARRELL and RUIZ, Associate Judges, and NEBEKER, Senior Judge.

On Appellee's Motion to Dismiss

PER CURIAM:

Last year, the District of Columbia Council passed the Inspector General Qualifications Amendment Act of 2003 ("the Act"). *See* D.C. Act 15–94; 50 D.C. Reg. 4651 (2003). The Act changed the qualifications for the office of Inspector General of the District of Columbia, and contained a section which stated that if the incumbent—who is Charles C. Maddox— did not meet the new qualifications as of June 1, 2003, he could not "continue to hold the position and the position shall be vacant." *See* D.C. Act 15–94, § 2(d); 50 D.C. Reg. at 4652. Mayor Anthony Williams vetoed the Act, and the Council overrode his veto. On May 30, 2003, the Mayor informed the Council that he would not enforce the Act because he believed that it violated principles of separation of powers embodied in the District of Columbia Charter. The Council then filed the present complaint in the Superior Court asking for declaratory and injunctive relief; specifically, it asked the court to declare the Act valid and direct the Mayor to enforce it by removing Mr. Maddox from office, since he did not meet the newly specified qualifications for the office.[1] After considering cross-motions for summary

---

1. These actions, and the language of the Act, are difficult to reconcile with the Council's written representation to this court that the Act's "establishment of those qualifications has [only] the *inadvertent* effect of the incumbent Inspector General having to vacate office" (emphasis added).

judgment, the trial court granted the Mayor's motion and further declared that the section of the Act—but only the section—purporting to remove the incumbent Inspector General was void. The Council appealed from that decision.

On September 12, 2003, Mr. Maddox submitted his resignation, effective December 31, 2003. The Mayor accepted the resignation, and Mr. Maddox vacated the position of Inspector General at the end of 2003. The Mayor has therefore moved, over the opposition of the Council, to dismiss this appeal as moot.

■ Although not bound strictly by the "case or controversy" requirements of Article III of the U.S. Constitution, this court does not normally decide moot cases. *See District of Columbia v. Group Ins. Admin.,* 633 A.2d 2, 12 (D.C.1993). A case is moot when the legal issues presented are no longer "live" or when the parties lack a legally cognizable interest in the outcome. *See Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (citations omitted). The Mayor argues that this case is moot because the sole legal dispute between himself and the Council—whether the new qualifications which the Act contains can be applied to Mr. Maddox—has been resolved by the incumbent's resignation and departure from office. Although this court has not had occasion to consider a similar question, those jurisdictions that have agree that the resignation of an incumbent officeholder moots an appeal from an underlying action seeking to remove that individual. *See, e.g., Bruce v. Maxwell,* 270 Ga. 883, 515 S.E.2d 149 (1999); *State ex rel. Stephan v. Johnson,* 248 Kan. 286, 807 P.2d 664 (1991); *People ex rel. Black v. Dukes,* 96 Ill.2d 273, 70 Ill.Dec. 509, 449 N.E.2d 856

(1983). We concur, and hold that Mr. Maddox's resignation has mooted any question of whether the Act's new qualifications may be applied to him.

■ The Council contends that the matter is not moot because Mr. Maddox's individual status is not the only issue between the parties; rather, the Council is seeking a broader determination that the Mayor violated his duty to enforce the law. "The Mayor's Charter duty to enforce the law," the Council asserts, "and the Council's right to have the Court determine whether the Mayor violated that duty is not rendered moot by the prospective resignation of a subordinate agency head." [2] We are unwilling, however, to address an issue of competing authority between the Mayor and the Council in so abstract a context rather than in the concrete setting of a decision by the Mayor that continues to have live consequences.

Neither is it enough for the Council to argue that, unless we establish the proper demarcation of powers in this case, the Mayor is likely again to refuse to enforce legislation which he considers to be a violation of the executive power. This statement of the issue has the same definitional abstractness already mentioned. Any contribution that an adjudication of this case would make to forestalling hypothetical future clashes between the Executive and the Council over authority is too small to justify issuance of what would amount to an advisory opinion by the court. Stated differently, we are not convinced that, "despite the apparent demise of the [present] controversy," it must be decided because "its resolution has a reasonable chance of affecting the parties' future relations." *Clarke v. United States,* 286 U.S.App. D.C.

---

**2.** The reference to a "prospective resignation," of course, was made before Mr. Maddox actually left office.

256, 260, 915 F.2d 699, 703 (1990) (footnote omitted).

The Mayor asserts that, as in *Lewis v. Hotel & Rest. Employees Union, Local 25,* 727 A.2d 297 (D.C.1999), dismissal should be accompanied by vacatur of the Superior Court's judgment and opinion. *See id.* at 302. We agree. Accordingly, the Mayor's motion to dismiss is granted, the judgment of the Superior Court is vacated, and the case is remanded to that court with directions to dismiss the complaint.

*So ordered.*