*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CV-431

GEORGE W. CRAWFORD, APPELLANT,

v.

FIRST WASHINGTON INSURANCE COMPANY, *et al*., APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAB-5890-07)

(Hon. Gregory E. Jackson, Trial Judge)

(Argued May 14, 2015                    Decided July 23, 2015)

*Latif Doman* for appellant.

*David H. Cox*, with whom *James N. Markels*, was on the brief, for appellees Adam Abrahams and First American Title Insurance Company.

*Stephen E. Leach*, with whom *Stephen L. Neal, Jr*., filed a statement in lieu of a brief, for appellees First Washington Insurance and Gerald Schaeffer, supporting appellees Adam Abrahams and First American Title Insurance Company.

Before GLICKMAN and BECKWITH, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*:  On April 15, 2013, the Honorable Gregory E. Jackson ordered that appellant George W. Crawford be conditionally incarcerated

after being found to be in contempt for his failure to make a "good faith effort" to pay $123,257.50 in imposed sanctions. Appellant argues that the trial court erred—as a matter of law—when it incarcerated him on account of his failure to pay what amounts to a money judgment, attorneys' fees. We conclude that the appeal is moot, and dismiss it.

## I.

At the outset, we recognize that only one order from the trial court is properly before this court: the April 15, 2013,[1] order to incarcerate appellant. All other appeals from this matter have either been previously adjudicated or are not properly before this court. We conduct our analysis accordingly.

A full recounting of the proceedings below and the underlying litigation is not necessary for adjudication or germane to our discussion. What follows is a condensed recitation of pertinent facts. Appellant and appellees[2] were embroiled in litigation relating to appellant's personal guaranty of two promissory notes

---

[1] Appellant also filed an appeal from the trial court's December 14, 2012, order. This appeal was lodged, however, on April 25, 2013, well outside this court's thirty-day window to file a notice of appeal. D.C. App. R. 4 (a)(1).

[2] The appellees in this matter are First Washington Insurance Company, First American Title Insurance Company, Adam Abrahams, and Gerald Schaeffer.

executed to refinance two properties in the District of Columbia. On May 28, 2010, the trial court[3] dismissed appellant's motion to vacate a settlement agreement between the parties, and found it to be both "meritless" and "frivolous." The trial court found that contempt was not "an appropriate remedy" at the time, but nonetheless imposed $30,517.35 in sanctions pursuant to Super. Ct. Civ. R. 11. Appellant failed to pay the sanctions, and was found in contempt by the trial court on August 17, 2012.

Appellant continued to prove unwilling to pay, and his recalcitrant posture led the trial court to again hold him in contempt, and finally order that appellant be conditionally incarcerated for his repeated failure to satisfy, or make a good faith effort to satisfy the sanctions imposed by the trial court. The trial court also imposed $123,257.50 in "additional sanctions," and set a March 15, 2013, deadline for payment. At a December 21, 2012, hearing, appellant made a good-faith effort towards paying the $30,517.35 in sanctions, and he was released. Following his release, however, appellant made no "showing of good faith" and did not make a single payment toward the $123,257.50 in additional sanctions imposed. On April 15, 2013, the trial court found that appellant had made "no efforts whatsoever" to

---

[3] At the time, the case was assigned to the Honorable Brian Holeman. The docket establishes that as of the August 17, 2012 status hearing, the case had been transferred to the Honorable Gregory E. Jackson.

pay the additional sanctions and that he "never had any communication with . . . the [appellees]." The trial court ordered that appellant be conditionally incarcerated—again—until he paid the sanctions, made a good-faith effort to pay, or demonstrated an inability to pay. Appellant timely appealed the April 15, 2013, incarceration order.

On May 30, 2013, the parties again went before the trial court for a status hearing on appellant's progress towards purging the contempt. At the hearing, the parties came to an agreement where appellant would assign $2,500 worth of income from his monthly retirement "as a good faith effort in payment of the sanctions." This payment plan did not relieve appellant of paying the balance of the additional sanctions imposed by the trial court on December 14, 2012, in its written order. The trial court gave appellant an additional six months to pay off the balance of the sanctions, and the parties agreed to work towards a settlement. Satisfied with the current state of affairs, the trial court released appellant from incarceration.

On December 11, 2013, one day before appellant was scheduled to appear before the trial court for a status hearing, appellant filed for protection under Chapter 7 of the United States Bankruptcy Code. Appellant acknowledges that the

bankruptcy court discharged the sanctions imposed by the trial court under Rule 11 and that all "monetary sanctions [against him] have been discharged," but contends that he "continues to suffer real and present injury as a result of the contempt proceedings below."

## II.

While not bound by the requirements of Article III of the U.S. Constitution, "this court does not normally decide moot cases." *Thorn v. Walker*, 912 A.2d 1192, 1195 (D.C. 2002) (quoting *Cropp v. Williams*, 841 A.2d 328, 330 (D.C. 2004)). A case is moot when "the parties have presented no justiciable controversy to the appellate court." *Id.* A more exact elucidation is that a case is moot when "the legal issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome." *Id.* (citation omitted). "[I]t is well-settled that, while an appeal is pending, an event that renders relief impossible or unnecessary also renders that appeal moot." *Settlemire v. District of Columbia Office of Emp. Appeals*, 898 A.2d 902, 905 (D.C. 2006) (quoting *Vaughn v. United States*, 579 A.2d 170, 175 n.7 (D.C. 1990)).

As noted *supra*, the only order properly before this court is the trial court's April 15, 2013, order to conditionally incarcerate appellant a second time for his failure to pay sanctions imposed under Rule 11. Appellant was released from incarceration on May 30, 2013, after appellant agreed to pay the remaining sanctions within the next six months, and assigned $2,500 towards their payment as a demonstration of good faith. "It has long been the rule in this jurisdiction that a criminal appeal becomes moot 'when the judgment has been satisfied by the payment of a fine or the completion of the sentence.'" *Bradley v. United States*, 107 A.3d 586, 602 n.40 (D.C. 2015) (quoting *Rosenau v. District of Columbia*, 147 A.2d 445, 446 (D.C. 1959)). We have applied this principle to incarceration resulting from a contempt finding. *In re Evans*, 450 A.2d 443, 445 (D.C. 1982); *Smith v. Smith*, 427 A.2d 928, 930 n.4 (D.C. 1981); *In re De Neueville*, 286 A.2d 225, 227 (D.C. 1972). When there is "no possibility of collateral legal consequences for appellant flowing from the . . . determination now on appeal to us," mootness is controlling. *In re Edmonds*, 96 A.3d 683, 686 n.11 (D.C. 2014) (citation and internal quotation marks omitted).

Appellant argues that he will suffer "collateral legal consequences" from his second conditional incarceration in the form of harm to reputation, loss of government employment, and an inability to obtain comparable employment

moving forward. We are not persuaded. The harms appellant cites to cannot be traced to the April 15, 2013, trial court order. Rather, appellant suffered these harms when he was found to be in civil contempt on August 17, 2012, when he remained in contempt through December 10, 2012, and when he was conditionally incarcerated the first time for his failure to pay sanctions imposed by the court. Any prospective relief by this court would not redress what was wrought by prior orders of the trial court not properly appealed. The trial court's judgment was satisfied when appellant was released from incarceration, and when all monetary sanctions imposed by the trial court were discharged in bankruptcy proceedings, "event[s] that render[] relief impossible." *Settlemire*, *supra*, 898 A.2d at 905 (citation omitted). The appeal is moot.

*****

Accordingly, the appeal is

*Dismissed*.